**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

|  |  |  |
|---|---|---|
| **R&L CARRIES, INC. and** | : | |
| **R&L CARRIERS SHARED SERVICES, LLC** | : | |
| 600 Gillam Road | : | |
| Wilmington, Ohio 45177 | : | |
|  | : | |
| Plaintiffs, | : | |
|  | : | **Case No. _____** |
| vs. | : | |
|  | : | |
| **UNITED STATES DEPARTMENT OF** | : | |
| **LABOR, a federal administrative agency;** | : | **Judge _____** |
| **LORI CHAVEZ-DEREMER, in her official** | : | |
| **capacity as the Secretary of Labor; and** | : | |
| **STEPHEN R. HENLEY, in his official capacity** | : | |
| **as an Administrative Law Judge of the United** | : | |
| **States Department of Labor,** | : | |
|  | : | |
| Defendants. | : | |
|  | : | |
|  | : | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs R&L Carriers, Inc. ("R&L Carriers"), and R&L Carriers Shared Services, LLC ("R&L Shared Services") (collectively, "R&L"), by and through the undersigned counsel, bring this action for declaratory and injunctive relief, alleging as follows:

**INTRODUCTION**

1. R&L brings this action for declaratory relief under 28 U.S.C. §§ 2201–2202 to enjoin the governmental Defendants from conducting unconstitutional administrative proceedings against R&L currently pending in the United States Department of Labor ("DOL")'s Office of Administrative Law Judges ("OALJ"), *McAlister v. R&L Carriers, Inc.*, OALJ Case No. 2026-STA-00001 (the "Pending Administrative Proceedings"). Those proceedings are

unconstitutional because, among other reasons, they deprive R&L of its constitutional right to a jury trial guaranteed by the Seventh Amendment of the United States Constitution. Such a right was recently affirmed by the Supreme Court of the United States in *SEC v. Jarkesy*, 603 U.S. 109 (2024) ("*Jarkesy II*").

2.　　The Pending Administrative Proceedings involve claims against R&L for damages and other relief under the employee protection (whistleblower) provisions of the Surface Transportation Assistance Act, 49 U.S.C. § 31105 ("STAA"). The Pending Administrative Proceedings are currently pending before DOL Administrative Law Judge ("ALJ") Stephen R. Henley. ALJ Henley also serves as DOL's Chief ALJ.

3.　　Employees who believe they have been retaliated against in violation of the STAA may seek relief before the DOL or, if the agency does not issue a final decision within 210 days, a federal district court in which the parties have a right to a jury trial. 49 U.S.C. § 31105(b), (c).

4.　　In either forum, the employee may seek an array of remedies under the STAA, including compensatory damages and punitive damages. 49 U.S.C. § 31105(b)(3).

5.　　In proceedings before OALJ, the ALJ takes evidence, resolves contested questions of fact and law, and renders a decision on the merits of the STAA claims. *See* 5 U.S.C. § 556(c); 29 C.F.R. §§ 18.10–18.95.

6.　　Any determination on the merits of an STAA claim by the ALJ is subject to review by a non-Article III appellate board, the Administrative Review Board ("ARB"), and potential further determination by the Secretary of Labor.

7.　　As noted above, an employee bringing an STAA claim before DOL and OALJ may, at any time after the initial 210 days, invoke the STAA's kick-out provision and take the

employee's claims directly to federal district court. 49 U.S.C. § 31105(c). However, employers like R&L have no similar statutory right to demand an Article III judicial forum. *Id.*

8. The purpose of this action is to prevent DOL, OALJ, Secretary Chavez-DeRemer, ALJ Henley, or any other ALJ subsequently assigned to the Pending Administrative Proceedings, from continuing this unconstitutional proceeding against R&L.

9. Here, the Pending Administrative Proceedings have been referred to OALJ and are subject to an evidentiary hearing on the merits before ALJ Henley or another ALJ assigned to the matter. Any evidentiary hearing held by any ALJ, whether ALJ Henley or otherwise, will be conducted without a jury and without the normal discovery and evidentiary protections available in an Article III court.

10. The underlying facts of this matter concern a dispute between R&L and one of its former employees, Jason McAlister ("McAlister"), who was terminated from his employment with R&L Shared Services as a local driver on June 14, 2024. On or about June 17, 2024, McAlister filed a complaint against R&L with DOL's Occupational Safety and Health Administration ("OSHA"), alleging retaliation by R&L in violation of the STAA and Section 11(c) of the Occupational Safety & Health Act, 29 U.S.C. § 660(c) ("Section 11(c)"). (*See* **Exhibit 1**, Notice of Whistleblower Complaint (July 2, 2024) ("OSHA Complaint")). R&L vigorously denies McAlister's claims and filed an appropriate response with OSHA to the OSHA Complaint.

11. R&L is not asking this Court to adjudicate or litigate the merits of McAlister's allegations against R&L. Instead, R&L brings this action because the Pending Administrative Proceedings violate the U.S. Constitution in two fundamental ways, and this Court should enjoin

the Pending Administrative Proceedings to prevent R&L from having to continue to defend itself in this unconstitutional administrative process rather than a court of law.

12.     ***First***, the administrative adjudication of McAlister's STAA retaliation claims violates R&L's rights under the Seventh Amendment, which preserves the right to trial by jury "[i]n Suits at common law."  U.S. CONST. amend. VII.

13.     As the Supreme Court recently emphasized in *Jarkesy II*, the "right to trial by jury is 'of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right' has always been and 'should be scrutinized with the utmost care.'"  *Jarkesy II*, 603 U.S. at 121 (citation omitted).

14.     Even when Congress attempts to assign a statutory claim to an administrative agency, the Seventh Amendment applies as long as the claim is "legal in nature" rather than one sounding entirely in equity.  *Id.*  This is particularly the case where the claim includes a remedy that is "designed to punish and deter, not to compensate," which *Jarkesy II* instructs is "a type of remedy at common law that could only be enforced in courts of law."  *Id.* at 125.

15.     Under these principles, administrative adjudication of McAlister's STAA claims violates R&L's Seventh Amendment constitutional right to a jury trial before an Article III court. McAlister's STAA claims are legal in nature, where he is entitled to seek compensatory damages, special damages, and punitive damages.  His claims are therefore closely analogous to common-law wrongful discharge claims and specifically include a remedy designed to "punish and deter," which triggers the right to a jury trial under the Seventh Amendment.  *See Jarkesy II*, 603 U.S. at 125 (holding that availability of punitive relief "effectively decides that this suit implicates the Seventh Amendment right, and that a defendant would be entitled to a jury on these claims").

16.     The Pending Administrative Proceedings thus violate the Seventh Amendment and Article III by denying R&L its constitutional right to a jury trial in court on McAlister's STAA claims.

17.     *Second*, the Pending Administrative Proceedings also violate the Constitution because the DOL ALJs are insufficiently accountable to the head of the executive branch, the President of the United States, and are unlawfully insulated from removal by the President.

18.     Pursuant to Article II of the Constitution, all executive power is vested in the President, who must "take Care that the Laws be faithfully executed." *Seila Law LLC v. CFPB*, 591 U.S. 197, 203 (2020) (internal quotation marks omitted).

19.     To discharge that responsibility, the President must have the power and ability to remove subordinate officers who assist in carrying out the President's duties. *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 513–14 (2010).

20.     Numerous federal courts have found that this removal power extends to both DOL ALJs and their counterparts in other federal government agencies. *See, e.g.*, *Space Exploration Techs. Corp. v. NLRB*, 151 F.4th 761, 767, 775 (5th Cir. 2025) (holding that NRLB ALJs are "inferior officers" subject to President's removal power but unconstitutionally insulated from such removal); *K&R Contractors, LLC v. Keene*, 86 F.4th 135, 143, 148 (4th Cir. 2023) (finding that DOL ALJs are "inferior officers" and exercise executive power "for which the President is ultimately responsible"); *Jarkesy v. SEC*, 34 F.4th 446, 463 (5th Cir. 2022) ("*Jarkesy I*") (finding that ALJs of Securities and Exchange Commission are subject to President's removal power), *aff'd on other grounds*, 603 U.S. 109 (2024); *ABM Indus. Grps., LLC v. DOL*, 756 F. Supp. 3d 468, 476 (S.D. Tex. 2024) (finding that DOL ALJs are subject to President's removal power but are unconstitutionally insulated from such removal); *Walmart Inc. v. King*, No. CV 623-040,

2024 U.S. Dist. LEXIS 52800, at **7–8 (S.D. Ga. Mar. 25, 2024) (finding that ALJs of Department of Justice are subject to President's removal power).

21.     However, the DOL ALJs receive two layers of "for cause" removal protection, which hinder the President's ability to control or oversee those subordinate officers.  First, DOL ALJs may only be removed from office "for cause" as determined by the Merit Systems Protection Board ("MSPB"). *See* 5 U.S.C. § 7521(a); *see also K&R Contrs.*, 86 F.4th at 140–41 (recognizing that DOL ALJs can be removed "only for good cause established and determined by the [MSPB] on the record after opportunity for hearing").  Second, the MSPB members themselves are, at present, removable by the President only for cause.  *See* 5 U.S.C. § 1202(d).

22.     Such double insulation from removal "not only protects [the ALJ] from removal except for good cause, but withdraws from the President any decision on whether that good cause exists." *Free Enter. Fund*, 561 U.S. at 495.

23.     This multilayered removal protection violates Article II of the Constitution because it deprives the President of any meaningful ability to control or hold subordinate officers responsible for the performance of their executive duties.  *See Free Enter. Fund*, 561 U.S. at 495–98; *Jarkesy I*, 34 F.4th at 463; *King* at *10.

24.     Accordingly, the DOL ALJ hearing framework for STAA claims is unlawful and R&L brings this action to declare the removal restrictions unlawful, enjoin the Pending Administrative Proceedings, and ensure that R&L is not subjected to an unconstitutional administrative hearing process.

25.     The STAA allows McAlister to avoid the constitutionally deficient Pending Administrative Proceedings entirely.  As stated above, the STAA authorizes McAlister to remove his case from the unconstitutional ALJ process, and instead bring the case before an

Article III court and receive a trial by jury.  *See* 49 U.S.C. § 31105(c).  McAlister's right to invoke this kick-out provision accrued on January 13, 2025.

26.     Because Congress expressly authorized McAlister to pursue his STAA claims in federal court, he will not be harmed by granting the declaratory and injunctive relief that R&L seeks in this matter.

27.     The Court should therefore enter such declaratory and injunctive relief to ensure that R&L is not subjected to the unconstitutional and unlawful Pending Administrative Proceedings, but instead receives its day in court before a jury on McAlister's STAA claims as guaranteed by the Constitution.

## JURISDICTION AND VENUE

28.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims asserted by R&L arise under the Constitution as applied to a federal statute, the STAA, and seek relief against officers of the United States.  *See, e.g.*, *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 190–96 (2023).

29.     This Court has the authority to grant injunctive and declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, the Administrative Procedure Act, 5 U.S.C. §§ 701–706, and the Court's inherent equitable powers.

30.     Venue is proper in this District under 28 U.S.C. § 1391(e)(1).  The individual government Defendants are acting in their official capacities as officers of an agency of the United States, and the federal agencies exercise authority in this District.  A substantial part of the events or omissions giving rise to the claims occurred in this District.  Specifically, McAlister was employed by R&L Shared Services in Wilmington, Ohio, within this District, and most of the relevant facts and events at issue in the Pending Administrative Proceedings occurred

there.  The ALJ hearing on the merits of McAlister's STAA claims is currently scheduled to occur in Dayton, Ohio, located within this District.

## PARTIES

31.    Plaintiff R&L Carriers is a privately held Ohio corporation with its principal place of business at 600 Gillam Road, Wilmington, Ohio 45177.

32.    Plaintiff R&L Shared Services is an Ohio limited liability company with its principal place of business at 600 Gillam Road, Wilmington, Ohio 45177.

33.    Defendant DOL is an agency of the federal government that, among other things, is statutorily tasked with investigating and adjudicating complaints filed pursuant to the STAA. *See* 49 U.S.C. § 31105(b).

34.    Defendant Lori Chavez-DeRemer is the United States Secretary of Labor.  She is statutorily responsible for investigating and adjudicating complaints filed pursuant to the STAA. She is sued in her official capacity.

35.    Defendant Stephen R. Henley is a DOL Administrative Law Judge, serving as the DOL's Chief ALJ, and is the ALJ currently presiding over the Pending Administrative Proceedings, *McAlister v. R&L Carriers, Inc.*, OALJ Case No. 2026-STA-00001, currently pending before OALJ.  He is sued in his official capacity.

## FACTS

36.    On or about June 17, 2024, McAlister filed the OSHA Complaint with DOL's OSHA accusing R&L of retaliatory discharge in violation of the STAA and Section 11(c).

37.    McAlister was previously employed by R&L Shared Services as a local driver from April 22, 2021 to June 14, 2024, and worked out of R&L's terminal in Wilmington, Ohio.

38.     In his OSHA Complaint, McAlister alleges that R&L retaliated against him by issuing him written discipline, suspending him and then terminating his employment after he (i) refused to transport an oversized and overweight customer load, (ii) informed R&L that he could not complete a delivery to a customer after they had closed for the day, and (iii) delivered another oversized customer load that fell off the side of his lift gate during delivery.

39.     In accordance with both Section 11(c) and DOL regulations, OSHA investigated McAlister's STAA and Section 11(c) claims and allegations of retaliation against R&L.  *See* 29 U.S.C. § 660(c)(2); 29 C.F.R. § 1978.104.

40.     R&L cooperated with OSHA's investigation and submitted a substantive position statement to OSHA denying McAlister's STAA and Section 11(c) claims on August 21, 2024. In that position statement, R&L asserted its objections that the administrative proceeding violated the Constitution on the grounds asserted herein.

41.     On September 5, 2025, the Secretary of Labor, acting through the Regional Supervisory Investigator for OSHA, Chicago Region, issued a written determination finding that McAlister did not engage in protected activity under the STAA or Section 11(c) and R&L had legitimate, non-discriminatory reasons for any adverse action taken against McAlister.  The written determination therefore concluded that "OSHA does not have reasonable cause to believe that a violation of the OSH Act or STAA occurred" and the OSHA Complaint was dismissed. (*See* **Exhibit 2**, Secretary of Labor Findings & Dismissal Letter of OSHA Complaint (September 5, 2025) ("OSHA Dismissal"))

42.     On or about September 25, 2025, McAlister appealed the dismissal of his STAA claims in the OSHA Complaint to OALJ.

43. On November 19, 2025, R&L received a Notice of Docketing from OALJ. (*See* **Exhibit 3**, OALJ Notice of Docketing (November 19, 2025) ("Notice of Docketing")). The ALJ hearing is currently scheduled to occur in Dayton, Ohio. According to the Notice of Docketing, McAlister's Section 11(c) claims are not appealable to OALJ. (*See id.*).

44. The Notice of Docketing was issued and signed by ALJ Henley. According to the Notice of Docketing, the Pending Administrative Proceedings have not yet been assigned to a presiding ALJ. (*Id.*).

45. McAlister had a right to pursue his STAA claims in federal district court 210 days after he filed the OSHA Complaint, pursuant to 49 U.S.C. § 31105(c), and this right accrued nearly a year ago on January 13, 2025. However, McAlister has opted to keep his STAA claims in the Pending Administrative Proceedings before OALJ.

## COUNT I
### VIOLATION OF THE SEVENTH AMENDMENT AND ARTICLE III
#### (Against All Defendants)

46. R&L incorporates into this paragraph the allegations set forth in each of the preceding paragraphs as if fully re-alleged herein.

47. As stated in the Seventh Amendment, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. CONST. amend. VII.

48. According to the Supreme Court, the "Seventh Amendment extends to a particular statutory claim if the claim is 'legal in nature.'" *Jarkesy II*, 603 U.S. at 122 (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 53 (1989)). "To determine whether a suit is legal in nature," a court must "consider the cause of action and the remedy it provides." *Id.* at 122–23.

49.     Here, as was the case in *Jarkesy II*, "the remedy is all but dispositive."  *Id.* at 123.

50.     The Pending Administrative Proceedings involve McAlister's claims against R&L for retaliation in violation of the STAA.  In addition to traditional "make whole" relief such as reinstatement or backpay, the STAA expressly authorizes an award of "punitive damages in an amount not to exceed $250,000" if McAlister were to prevail on his claims.  49 U.S.C. § 31105(b)(3)(C).

51.     According to the Supreme Court, a monetary remedy is legal, and thus triggers the Seventh Amendment's guarantee of a jury trial, "if it is designed to <u>punish or deter</u> the wrongdoer" because "only courts of law issued monetary penalties to 'punish culpable individuals.'"  *Jarkesy II*, 603 U.S. at 123 (quoting *Tull v. United States*, 481 U.S. 412, 422 (1987)) (emphasis added).

52.     As observed by the Sixth Circuit, "[a] claim for punitive damages is inherently penal in nature" and the "very point of such an award is to punish the defendant and deter future wrongdoing."  *Weatherford U.S., L.P. v. DOL*, 68 F.4th 1030, 1036 (6th Cir. 2023) (citation omitted) (interpreting STAA's punitive damages provision).  Punitive damages are therefore precisely the type of "punitive remedy that we have recognized 'could only be enforced in courts of law.'"  *Jarkesy II*, 603 U.S. at 134 (quoting *Tull*, 481 U.S. at 422).

53.     Because punitive damages are expressly authorized by the STAA, the availability of such punitive relief "effectively decides that this suit implicates the Seventh Amendment right," and R&L therefore has a constitutional right to have a jury decide whether it is liable to McAlister and the extent of any damages to be awarded.  *Id.* at 125.

54. Moreover, the "close relationship" between McAlister's STAA claims against R&L and common law causes of action further confirms that the STAA claims are legal in nature. *Id.* at 125.

55. Anti-retaliation claims like those available under the STAA are generally akin to common-law wrongful discharge claims. *See, e.g.*, *Halliburton, Inc. v. Admin. Rev. Bd.*, 771 F.3d 254, 266 (5th Cir. 2014) (discussing the "common-law background" of Sarbanes-Oxley ("SOX") anti-retaliation claims under 18 U.S.C. § 1514A, particularly "wrongful discharge of employment"); *Tamosaitis v. URS, Inc.*, 781 F.3d 468, 486 (9th Cir. 2013) (finding Seventh Amendment right to jury trial applied to whistleblower retaliation claim under Energy Reorganization Act ("ERA") because it is "analogous to a wrongful discharge claim at common law").

56. The SOX and ERA non-retaliation provisions are nearly identical to those contained in the STAA. *See* 18 U.S.C. § 1514A; 42 U.S.C. § 5851; 49 U.S.C. § 31105.

57. R&L therefore has a constitutional right to a jury trial on McAlister's STAA claims, and this right is not undermined by the fact that the DOL ALJ proceedings are administrative in nature.

58. According to the Supreme Court, "Congress cannot eliminate a party's Seventh Amendment right to a jury trial by relabeling the cause of action to which it attaches and placing exclusive jurisdiction in an administrative agency." *Granfinanciera*, 492 U.S. at 61; *see also* *Jarkesy II*, 603 U.S. at 135 ("Congress cannot conjure away the Seventh Amendment by mandating that traditional legal claims be … taken to an administrative tribunal." (citation omitted)).

59. This case also does not fall within the narrow "public rights" exception that permits certain types of claims to be adjudicated outside of an Article III court. *See Jarkesy II*, 603 U.S. at 131–132.

60. Because McAlister's STAA claims against R&L are essentially wrongful discharge claims, and thus "in the nature of an action at common law, then the matter presumptively concerns private rights." *Id.* at 128; *see also Martin v. Yellow Freight Sys., Inc.*, 793 F. Supp. 461, 466 (S.D.N.Y. 1992) (recognizing that STAA seeks to "vindicate private interests rather than public interests").

61. McAlister's STAA retaliation claims therefore involve private employment-related disputes and cannot be removed from the purview of a jury in an Article III court.

62. Furthermore, by providing McAlister the ability to pursue his STAA claims in federal court, Congress has clearly recognized the value of a jury trial for retaliation claims under the STAA. *See* 49 U.S.C. § 31105(c).

63. Absent interim injunctive relief from this Court, however, R&L will be deprived of its right to a jury trial in federal court, forced instead to defend itself against McAlister's STAA claims in the unconstitutional Pending Administrative Proceedings.

64. For the reasons detailed above, R&L has a strong likelihood of success on its claims before this Court.

65. Unless the governmental Defendants in this action are enjoined from proceeding with the Pending Administrative Proceedings, R&L will suffer immediate and irreparable harm.

66. The Supreme Court has made it clear that the deprivation of a constitutional right constitutes an irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *see also Hartman v. Acton*, 613 F. Supp. 3d 1015, 1025 (S.D. Ohio 2020) ("[W]here irreparable harm is based upon a

- 13 -

violation of a plaintiff's constitutional rights, that violation, no matter how temporary, is sufficient to show irreparable harm.").

67.    According to the Supreme Court, the time to review and resolve such constitutional violations is now.  *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023).  In *Axon*, the Court held that being forced to appear in an unconstitutional administrative agency proceeding is a "here-and-now" injury that "cannot be undone" through appellate review once the administrative proceeding is over.  *Id.* at 191.

68.    Pursuant to *Axon*'s instruction, the Pending Administrative Proceedings should be enjoined because appellate review following any final decision by the Secretary of Labor on McAlister's STAA claims cannot remedy the violation of R&L's rights under the Seventh Amendment and Article III.  Nor can the unconstitutional nature of the Pending Administrative Proceedings be severed to redress the injury to R&L without affecting the adjudication of the STAA claims.

69.    Thus, should declaratory and injunctive relief not be granted by this Court, the harm to R&L far outweighs any harm or inconvenience to McAlister or the DOL if such relief is granted.

70.    Granting injunctive and declaratory relief to R&L in this action will clearly serve the public interest, as such relief will protect constitutional rights.

71.    Moreover, McAlister will not be harmed by any injunctive or declaratory relief because he retains the right, conferred by Congress in the STAA, to pursue his claims against R&L in federal district court.

<u>COUNT II</u>
## THE DOL ALJS ARE UNCONSTITUTIONALLY INSULATED FROM REMOVAL BY THE PRESIDENT
### (Against All Defendants)

72.     R&L incorporates into this paragraph the allegations set forth in each of the preceding paragraphs as if fully re-alleged herein.

73.     Much like their counterparts in other federal agencies, DOL ALJs are "inferior officers" of the United States, and not simply DOL employees.   As found by the Fourth Circuit, DOL ALJs "conduct trial-like hearings, receive evidence, examine witnesses, issue subpoenas, rule on procedural and dispositive motions, and render decisions." *K&R Contractors*, 86 F.4th at 143.

74.     While judicial in nature, a DOL ALJ's activities are still exercises of executive power "for which the President is ultimately responsible."  *Id.* at 148 (quoting *United States v. Arthrex, Inc.*, 594 U.S. 1, 17 (2021)).

75.     Given these executive powers, DOL ALJs are "sufficiently important to executing the laws that the Constitution requires that the President be able to exercise authority over [the ALJs] functions." *Jarkesy I*, 34 F.4th at 464.

76.     As noted above, however, DOL ALJs are insulated from the President's control by two layers of for-cause removal protection: (1) the ALJs are removable only "for cause" as determined by the MSPB; and (2) the MSPB Members themselves are removable only for cause. *See* 5 U.S.C. §§ 1202(d), 7521(a).

77.     Absent these removal protections, ALJ Henley, or any other DOL ALJ assigned to the Pending Administrative Proceedings, could face removal by the President based on the ALJ's conduct during those administrative proceedings.

78. This double layer of removal protection thus violates Article II of the Constitution because it deprives the President of any meaningful ability to control or hold DOL ALJs responsible for the performance of their executive duties. *See Free Enter. Fund*, 561 U.S. at 495–98; *Jarkesy I*, 34 F.4th at 463; *ABM*, 756 F. Supp. 3d at 476; *King* at *10.

79. R&L therefore bears a strong likelihood of success on this claim.

80. According to the Supreme Court, being subject to unlawful administrative proceedings before an unconstitutionally insulated agency official is a "here-and-now injury" that must be reviewed and resolved now. *Axon*, 598 U.S. at 191 (quoting *Seila Law*, 591 U.S. at 212); *see also ABM*, 756 F. Supp. 3d at 478 (observing that "being subject to a proceeding before an improperly insulated [DOL] ALJ is a legal harm separate from any decisions made by the ALJ").

81. Deprivation of a constitutional right also constitutes an irreparable injury to R&L. *Elrod*, 427 U.S. at 373; *ABM,* 756 F. Supp. 3d at 478; *Hartman*, 613 F. Supp. 3d at 1025.

82. As a result, R&L has suffered cognizable, ongoing, and irreparable harm by being subject to the Pending Administrative Proceedings before an unconstitutionally insulated DOL ALJ.

83. R&L is therefore "entitled to declaratory relief sufficient to ensure that [legal] standards to which [R&L] is subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513.

84. Absent injunctive relief from this Court, however, R&L will be irreparably harmed by being forced to defend itself against McAlister's STAA claims before a DOL ALJ who is unconstitutionally insulated from removal by the President. *See ABM*, 756 F. Supp. 3d at

- 16 -

478 (holding that employer faced substantial threat of irreparable harm by being forced to defend case before unconstitutionally insulated DOL ALJ).

85. The harm to R&L, if declaratory and injunctive relief is not granted by this Court, far outweighs any harm or inconvenience to McAlister or the DOL if such relief is granted.

86. In fact, McAlister will not be harmed by any injunctive or declaratory relief because he retains the right, conferred by Congress in the STAA, to pursue his STAA claims in federal district court.

87. Moreover, the public interest will clearly be served by granting injunctive and declaratory relief in this action, as such relief will protect clear constitutional rights.

## PRAYER FOR RELIEF

**WHEREFORE**, R&L respectfully requests that the Court enter judgment in its favor and order the following relief:

1. Declaring that the Pending Administrative Proceedings against R&L are unconstitutional and unlawfully deprive R&L of its Seventh Amendment right to a trial by jury on McAlister's STAA claims in an Article III court;

2. Declaring that the statutes, regulatory provisions, policies and/or guidance insulating and/or restricting the removal of DOL ALJs, including ALJ Henley, are unconstitutional;

3. Preliminarily enjoining the governmental Defendants from continuing the Pending Administrative Proceedings against R&L or otherwise subjecting R&L to unconstitutional administrative proceedings pending final resolution of this action;

4.      Permanently enjoining the governmental Defendants from continuing the Pending Administrative Proceedings against R&L or otherwise subjecting R&L to unconstitutional administrative proceedings;

5.      Awarding to R&L its costs and expenses incurred in bringing this action, including but not limited to, R&L's reasonable attorney's fees; and

6.      Awarding to R&L such other or further relief as justice may require or as this Court may deem appropriate or equitable.

This 3rd day of December, 2025.

Respectfully submitted,

*/s/ Anthony C. White*
Anthony C. White (Ohio #0062146)
Thompson Hine LLP
41 S. High St., Suite 1700
Columbus, Ohio 43215
614.469.3200
614.469.3361 facsimile
Email: Tony.White@ThompsonHine.com

Matthew R. Kissling (Ohio #0086397)
Thompson Hine LLP
3900 Key Center, 127 Public Square
Cleveland, Ohio 44114
216.566.5500
216.566.5800 facsimile
Email: Matthew.Kissling@ThompsonHine.com

*Attorneys for Plaintiffs R&L Carriers, Inc., and R&L Carriers Shared Services, LLC*